## IN RE DISBARMENT OF E. J. MORTON.[1]

January 19, 1934.

No. 29,550.

*Oscar G. Haugland* and *Charles E. Houston,* for state board of law examiners.

There was no brief filed or appearance made on behalf of respondent in this court.

*PER CURIAM.*

Respondent was accused of misconduct in relation to two small sums of money. The referee found that in an appeal to this court his client paid him $7.50 for printing the brief but that respondent failed to pay the printer until almost two years thereafter, when this proceeding was begun.

His other transgression related to $26.75 collected by virtue of a thresher's lien in the fall of 1932. The referee found that he was entitled to retain five dollars thereof for his services. He promptly notified his client of the collection and asked him to come in and get it. But there was some delay, and when the client later by letter requested it be sent to him respondent answered that he did not then have the money but would send it later. He has not as yet paid it, although urged to do so before this proceeding was begun.

The referee finds that during respondent's 14 years of practice as attorney he has borne a good character and reputation for honesty and fair dealing with his clients, barring the two instances mentioned. He also finds that lawyers of excellent standing in the

[1]Reported in 252 N. W. 417.

community in which respondent has lived and practiced testified to his ability as a lawyer and to his fidelity to his clients.

That respondent has been guilty of misconduct in his profession is obvious. However, in view of previous upright dealings with his clients and the absence of any attempt to mislead in regard to the two instances mentioned wherein he failed to do his duty, we shall deal leniently with respondent and permit this proceeding to end with a severe censure of his misappropriation of the money of others.

Let judgment be entered accordingly.