## IN RE DISBARMENT OF ERICK S. DAHLBERG.[1]

January 19, 1934.

No. 29,525.

*Oscar G. Haugland* and *A. L. Beardsley,* for state board of law examiners.

There was no brief filed or appearance made on behalf of respondent in this court.

*PER CURIAM.*

The charges against the accused, a member of our bar, are before us on the findings of the Honorable Gustavus Loevinger, who, as

[1] Reported in 252 N. W. 417.

referee, heard the testimony. No appearance was made here for the respondent.

The sum of misdoing made by all of the charges is enough to demand discipline; but one of them, in and of itself, so loudly demands respondent's disbarment that no others will be further considered. · The evidence in support and the findings concerning this accusation show that from December 13, 1929, to April 24, 1930, respondent received from a client, Henry J. Dickey, in semi-monthly payments, a total of $170 to be paid over to the divorced wife of Dickey as alimony for the support of their minor children. Respondent embezzled the whole sum. April 24, 1930, the day after his last payment, Dickey was arrested upon a charge of abandonment of his minor children. Arraigned, he pleaded "not guilty." He was informed by respondent that Mrs. Dickey had gotten the money and was yet pressing against him the charge of abandonment. He was later informed that if she were she would herself be liable criminally as for obtaining money under false pretenses. Therefore, solely for the chivalrous purpose of shielding the mother of his children, he withdrew his plea of not guilty, substituted one of guilty, submitted himself to conviction for a crime of which he was innocent, and suffered imprisonment in the state penitentiary for a period of 19 months. When finally it was disclosed that respondent rather than Dickey was the only criminal, the latter was very properly granted a full pardon. Only when it was apparent that trouble was ahead for him did respondent finally admit that he had kept the money. Respondent has repaid to Mr. Dickey only $30 of the money he embezzled.

It is fortunate for respondent that in this proceeding we can do nothing more than terminate his connection with the profession which he has so flagrantly dishonored. Our power permits us to do nothing more, and the character of respondent's proved offense permits us to do nothing less.

Let judgment be entered forthwith for his disbarment.

So ordered.